**SO ORDERED.**

**SIGNED this 3 day of December, 2015.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 11-09246-8-SWH |
| LEIGH ANN HARDEE | ) | |
| | ) | |
| DEBTOR | ) | CHAPTER 7 |

ORDER AVOIDING JUDICIAL LIEN

Pending before the Court is the motion to avoid a judicial lien pursuant to 11 U.S.C. §522(f) of Federal Rules of Bankruptcy Procedure 4003(d) and 9014, filed by Leigh Anne Hardee (hereinafter "Debtor") on December 6, 2011. Having considered the motion and other matters of record in this case, the Court finds and concludes as follows:

1. All parties-in-interest have received proper notice of the motion, and no party has timely objected to the relief requested in the motion.

2. That the Debtor is indebted to American Express (sometimes hereinafter "the Creditor") in the approximate amount of $17,036.03

3. The Creditor is the holder of a secured claim by way of a judicial lien on the property of the Debtor described in paragraph 5 below arising out of a judgment entered in the State of North Carolina, County of Wake, district court case number 10CVD20516 on February 2, 2011 (hereinafter "Judgment").

4. That the Judgment of the Creditor impairs the Debtor's right to exemptions in certain real property located at 2309 Timber Dr., Raleigh, NC 27604, being that property acquired by the Debtor by deed recorded in Wake County Register of Deeds at Book 12580, Page 2351 (hereinafter "Property"), and described as follows:

> BEGINNING at a point in the western edge of the right of way of Timber Drive, said point being distant in a southern direction as measured along the western line of Timber Drive 104.9 feet from the southwestern corner of the intersection of Timber Drive and Watkins Street, said point also marking the southeastern corner of Lot 6, Block T, as shown on map to which reference is hereinafter made; runs thence along the western line of Timber Drive in a southern direction on a 829.53 foot radius curve to the right a distance of 85 feet to a stake, the northeastern corner of Lot 4; runs thence along the northern line of Lot 4 North 72 32' West 178.1 feet to a stake in the eastern line of Lot 8, the northwestern corner of Lot 4; runs thence along the eastern line of Lots 8 and 7 North 12 32" East 69.9 feet to a stake, the southwestern corner of Lot 6; runs thence along the southern line of Lot 6 South 77 25' East 179.4 feet to the point of Beginning, and being Lot 5, Block T, of Woodcrest, Subdivision Map #4, as recorded in Book of Maps 1959, Page 36, Wake County Registry. See also survey by William Crocker dated May 22, 1969.

4. The fair market value of the Property at the time the petition was filed was $145,000.00. The consensual liens on the property at the time of bankruptcy were to Chase Home Finance and RBC Centura Bank in the amounts of $98,674.44 and $19,894.32, respectively.

5. The Debtor is entitled to an exemption in the Property, the value of which cannot exceed $35,000.00 pursuant to N.C.G.S. 1C-1601(a)(1). The Debtor has claimed an exemption in the Property in the amount of $30,000.00.

6. Application of the formula for avoiding judicial liens set out in 11 U.S.C. §522(B)(2)(A) results in the avoidance of the entire judicial lien, as set out below:

Sum of the lien, all other liens, and the amount of Debtor's Exemption

    a.) Amount of Judgment Lien   $17,036.03

    b.) All other Liens   $118,568.76

    c.) Exemption   <u>$30,000.00</u>

    d.) Total of (a)-(c)   $165,604.79

|   |   |   |
|---|---|---|
| e.) | Less Value of Property | $145,000.00 |
| f.) | Amount By Which (d) exceeds (e) | $20,604.79 |

7. Since sub-paragraph 6(f) exceeds the amount of the judicial lien, pursuant to 11 U.S.C. § 522(f)(1)(A), the fixing of such lien must be avoided in its entirety to avoid its impairment on Debtor's exempt interest in the Property

IT IS ORDERED that the judicial lien held by American Express, and referenced in file 10CVD20516 in the Office of the Clerk of Court of Wake County, is **AVOIDED AND CANCELLED** as to the Property, and said judicial lien shall have no further force or effect as to the Property. American Express shall cancel the lien described above in Wake County as to the Debtor's real property described in Wake County Deed Book 12580, Page 2351, upon the granting of Debtor's discharge.

**END OF DOCUMENT**